UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, AT CINCINNATI

| | |
|---|---|
| **MELINDA OLIVER-SMITH** | : |
| Plaintiff, | : |
| v. | : |
| | : Case No. : |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY** | : |
| 1300 South Clinton Street, Fort Wayne, IN 46802 | : |
| and | : |
| **DUKE ENERGY CORPORATION LONG TERM DISABILITY PLAN** | : |
| c/o Vice President, Legal Duke Energy Corp., 139 East Fourth Street P.O. Box 960 Cincinnati, Ohio 45202, | : |
| and | : |
| **DUKE ENERGY BENEFITS COMMITTEE** c/o Corporate Secretary 550 South Tyron Street, DEC38D, Charlotte, NC 28202. | |
| **Defendants.** | |

## COMPLAINT

Plaintiff, Melinda Oliver-Smith, for her Complaint against the Defendants, Lincoln National Life Insurance Company, the Duke Energy Corporation Long Term Disability Plan, and Duke Energy Corporation, states as follows:

**Jurisdiction, Venue, and Parties**

1. Plaintiff Melinda Oliver-Smith's claims arise from the wrongful termination of her long-term disability ("LTD") benefits under an employee welfare benefit plan sponsored by her employer, Duke Energy Corp.; and she seeks to recover benefits due under the terms of the plan, to enforce and clarify her rights, for full and fair review, for declaratory relief as to her status as a participant under the applicable retirement plans, and other equitable remedies.

2. Plaintiff is a citizen of the State of Indiana, who, at all times relevant to this action, was a participant in the Duke Energy Long Term Disability Plan, sponsored by her employer, Duke Energy Corporation, and worked in Cincinnati Ohio.

3. Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company to whom Duke Energy Corporation delegated its fiduciary responsibility of making benefit determinations for the Plan. Lincoln may be served at its offices, located at 1300 South Clinton Street, Fort Wayne, IN 46802.

4. The Duke Energy Long Term Disability Plan (the "LTD Plan"), is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. §1002(1). Pursuant to ERISA § 502(d)(1), the Plan is a distinct legal entity and may be served through Duke Energy Corporation.

5. Defendant Duke Energy Benefits Committee ("the Benefits Committee") is a named Plan Administrator for the LTD Plan, and may be served at 550 South Tyron Street, DEC38D, Charlotte, NC 28202.

6. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA")§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits and to clarify her rights to future benefits under the Plan. The Court has subject matter jurisdiction over this action

pursuant to ERISA § 502(e)(1), (f) and 28 U.S.C. §1331, and it may assert personal jurisdiction over Defendants because they undertook to insure or administer an ERISA plan that affected participants working and residing in Hamilton County Ohio, and because the breach of the plan occurred within this judicial district.

**Claim for Relief**

7. Plaintiff has worked for the Duke Energy Corporation ("Duke") since September 1991 and has paid premiums for disability benefits under a group long-term disability plan provided by the Duke Energy Corporation to its employees.

8. Plaintiff became disabled in February 2021 and unable to work in her own occupation as a gas systems operator mechanic II, where she was responsible for maintaining, troubleshooting, and repairing large gas station equipment in the public setting including regulators, control valves, heaters and other specialized equipment necessary to provide energy to residential Duke Energy customers.

9. Plaintiff's occupation required her to assume significant responsibility for complex mechanical work that was required to remove, install, operate and maintain various types of gas regulating facilities; she responded to emergencies, throttled pressure in feeder or distribution lines, purged gas mains and avoided mixtures that could be hazardous to the public, among other duties.

10. Mistakes, communication failures, or judgment errors can result in serious injury or death to herself, her colleagues, and the public.

11. The Plan was and is governed by ERISA, 29 U.S.C. § 1001 *et seq.*

12. Plaintiff was a participant in and beneficiary under the Plan and entitled to seek benefits thereunder.

13. The Benefits Committee is the named Plan Administrator and "has authority to control and manage the operation and administration of the LTD Plan, except to the extent delegated or assigned to others".

14. Defendant Lincoln insures and administers coverage under the LTD Plan.

15. The Benefits Committee appointed Lincoln to serve as the initial claim administrator and Denied Claim Reviewer for claims for LTD benefits, making Lincoln the Plan's claims review fiduciary and/or claims administrator with authority to determine eligibility for benefits under the LTD Plan.

16. The Plan provides for the payment of disability benefits to Plan participants who become "disabled" as defined in the Plan from their own occupation for the first 24 months of benefits, and thereafter disabled from "any occupation".

17. Plaintiff stopped working in February 2021 due to severe panic disorder, causing daily panic attacks resulting in paralysis in her arms and/or legs, as well as other severe psychiatric, major depressive disorder and generalized anxiety disorder, sleep disorder, causing extreme fatigue, agitation, nervousness, anxiety, poor appetite, excessive crying, racing thoughts, and at various times auditory hallucinations.

18. As a result of these and other conditions, Plaintiff became disabled as defined under the Plan on or about February 9, 2021 and has remained continuously disabled under the Plan.

19. Plaintiff made a timely claim for short-term disability benefits under the Plan, which Lincoln approved and paid to Plaintiff from February 9, 2021 through August 9, 2021 when she exhausted benefits available to her under that plan.

20. Plaintiff made a timely claim for long-term disability benefits under the Plan, which Lincoln initially denied. On appeal, Lincoln approved her LTD claim beginning on or about August 10, 2021.

21. Lincoln found Plaintiff's conditions serious enough to pre-approve her claim for LTD benefits through August 10, 2023, the maximum period of benefits under the LTD Plan for disabilities caused by mental health disorders in most cases.

22. Lincoln continually considered Plaintiff disabled under the Plan's definition of disabled from approximately August 10, 2021 through February 16, 2022.

23. While paying Plaintiff's LTD benefits, it required her to apply for Social Security Disability benefits. At Lincoln's suggestion, she used Brown & Brown Associates to handle the social security claim and authorized Brown & Brown to communicate with Lincoln about her claim.

24. Plaintiff was and continues to be disabled as defined under the Plan.

25. On February 16, 2022, Lincoln notified Plaintiff she would not be eligible for benefits beyond August 10, 2023 but two days later, without any explanation for its reversal and while Lincoln had records showing her symptoms were *worsening*, Lincoln denied Plaintiff's claim for continued benefits effective February 15, 2022.

26. The denial was based on a medical file review by Dr. Taff, who reviewed a truncated record prepared by Lincoln, and who ignored attending physician statements and letters of support by Plaintiff's treating providers and therapists.

27. Plaintiff timely requested a review of the denial of the claim for continued benefits by letter dated August 5, 2022 and forwarded to Lincoln medical records from her treating physicians and all other necessary information for review.

28. Lincoln received information showing Plaintiff required prescription medication that Duke did not authorize employees to use and which prevented her from maintaining a CDL license, a material obligation of her occupation.

29. Plaintiff also submitted information showing she was referred to inpatient treatment but could not afford it while unemployed and not receiving benefits, and instead saw multiple providers at the same time to meet the level of care she required within her financial capabilities.

30. Plaintiff submitted information showing the extent of her conditions, including the in-person psychological evaluation conducted on behalf of the Social Security Administration finding her unable to perform work related activities.

31. By letter dated September 7, 2022 Lincoln requested a 45-day extension to decide Plaintiff's appeal on or before 90 days from the August 5, 2022 appeal.

On or about September 23, 2022, 50 days after Lincoln received the appeal, Lincoln gave Plaintiff's counsel a copy of the in-house doctor's opinion for comment to which Plaintiff responded. Plaintiff also provided notice that she was found disabled from any gainful occupation by the Social Security Administration as a result of panic disorder, anxiety, and depression.

32. On November 30, 2022, after the 90-day deadline lapsed, Lincoln notified Plaintiff of two "addendum" reports by the same Lincoln doctor, Dr. Center, and asked for a response by December 21, 2022.

33. On December 19, 2022, Lincoln notified Plaintiff of an overpayment that resulted from the SSA disability award, and demanded she immediately repay Lincoln $14,677.40.

34. On December 21, 2022 Plaintiff again responded to its internal employee physician's "addendum" reports, noting the truncated file the doctor reviewed, Lincoln's failure to perform an occupational assessment as required under the Plan, among other things.

35. On approximately January 5, 2023 Plaintiff paid Lincoln the entire amount Lincoln claimed it overpaid as a result of the Social Security award.

36. Lincoln sent Plaintiff a letter dated January 5, 2023 denying Plaintiff's appeal for continued monthly benefits under the Plan.

37. Lincoln's final denial letter relies on its internal medical reviewer Dr. Center who agreed Plaintiff suffered Pain Disorder but ignored, without explanation or conducting an in-person examination, the left-sided paralysis she experiences as a result of Pain Disorder, among other things.

38. Lincoln's denial relies on credibility determinations about Plaintiff's mental health without ever examining her or offering a reasoned explanation why it disagreed with Plaintiff's treating providers or the other in-person evaluations conducted on behalf of the Social Security Administration.

39. Lincoln also failed to conduct a reasoned occupational assessment in light of her conditions or explain how she could be expected to perform a heavy duty occupation operating heavy equipment while suffering daily panic attacks, that increase in frequency under pressure, resulting in left-sided paralysis and other debilitating physical symptoms.

40. On at least one occasion Lincoln shared Plaintiff's mental health records with another claimant not authorized to receive Plaintiff's medical records.

41. Lincoln's denials constitute a breach of its obligation under the Plan and ERISA to pay benefits to Plaintiff, and Plaintiff has exhausted all administrative remedies set forth in the Plan and required by ERISA.

42. Defendant Duke Energy Employee Benefits Committee is authorized and delegated authority to review and decide final appeal decisions and upon information and belief is responsible for reviewing and approving Lincoln's final benefit determination before a final decision is communicated to Plan participants.

43. Duke provides additional employee benefits for employees who are approved for LTD benefits, such as waiver of life insurance premiums, continued pension benefit credits, and health insurance premiums.

44. Lincoln and/or the Benefits Committees' denial of Plaintiff's claim for continued LTD benefits thus also results in wrongful termination or reduction of additional employee benefits sponsored by Duke.

45. As a result of Defendants' wrongful and arbitrary and capricious denial of benefits, Plaintiff had to take a premature withdrawal from her 401(k) retirement plan, and consequently suffered additional severe financial penalties.

46. As a result of the foregoing, the Plan sponsor and her employer, Duke Energy Corp., stopped paying Plaintiff's health insurance premiums, retirement benefit contributions, and/or pension credits because she was wrongly denied LTD benefits.

47. This Court should review the decision to terminate Plaintiff's claim for LTD benefits under a *de novo* standard of review because Lincoln failed to follow applicable ERISA regulations, the Plan's requirements and terms, and its own policies and procedures, and because Plaintiff was denied a full and fair review.

48. Alternatively, the termination of Plaintiff's LTD benefits was wrongful, arbitrary, and capricious, and not the product of a deliberate principled reasoning process, including Lincoln's wrongful disregard of the medical evidence and opinions of Plaintiff's own treating physicians; relying on the medical opinions of paid file reviewers; failing to follow its own policies and procedures; denying Plaintiff a full and fair review; and wrongfully relying on a flawed and biased record for review.

49. Plaintiff is entitled to discovery to probe and ascertain the issues of procedural due process and conflict of interest and bias under which Lincoln reviewed and failed to properly adjudicate Plaintiff's claim for benefits.

50. As a result of the foregoing, Plaintiff has suffered losses in the form of unpaid benefits of at least approximately $4,364.75 per month from approximately February 16, 2022 and continuing for at least until February 16, 2023 when the Plan's 24-month benefit limit takes effect or for as long as she otherwise remains disabled under the Plan.

51. Plaintiff is entitled to a judgment against Defendants in the amount of the unpaid benefits under the Plan, as well as an order requiring the Plan to pay benefits to her for as long as she remains disabled under the Plan.

52. Plaintiff is further entitled to an order directing Duke Energy Benefits Committee to reinstate Plaintiff's other pension and welfare benefits that stopped on account of Lincoln and the Benefit Committee's wrongful denial of LTD benefits.

53. Plaintiff is further entitled to prejudgment interest and an award of attorneys' fees under ERISA § 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Melinda Oliver-Smith, requests the Court grant her the following relief from Defendants, Lincoln National Life Insurance Company, Duke Energy Corporation Long-Term Disability Plan, and the Duke Energy Corporation Employee Benefits Committee:

a) judgment in the amount of all her past-due benefits under the Plan;

b) an order requiring the Defendants and/or the Plan to pay her benefits for as long as she remains disabled and eligible for benefits;

c) reimbursement for all out-of-pocket costs for health insurance she incurred as a result of the wrongful denial of benefits;

d) an order directing any lost pension credits be restored and reinstatement to the pension and/or 401(k) Plan in accordance with the applicable plan documents;

e) reinstatement to the life insurance policy as a covered participant pursuant to the life insurance plan's waiver of premium for those who are disabled under the plan and/or employees of Duke Energy Corporation;

f) her costs and attorney's fees; and

g) all other relief to which she is entitled, including a *de novo* review of the decision to deny the claim.

Dated: May 8, 2023

s/ Claire W. Bushorn Danzl
Claire W. Bushorn (Ohio # 0087167)
**THE BUSHORN FIRM, LLC**
810 Sycamore Street

>Cincinnati, Ohio 45202
>513.827.5771 – phone
>513.725.1148 – fax
>cbushorn@thebushornfirm.com
>*Trial Attorney for Plaintiff*