IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MELINDA OLIVER-SMITH, | : |
| *Plaintiff*, | : Case No. 1:23-cv-276 |
| vs. | : Judge Jeffery P. Hopkins |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, *et al.*, | : |
| *Defendants*. | : |

## ORDER

This case is before the Court on the parties' Joint Motion for Defendant to File the Administrative Record and Supplemental Production Under Seal (Doc. 19) (the "Joint Motion to Seal").

I.     BACKGROUND

This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C §§ 1001, et seq. The parties dispute Plaintiff's entitlement to long term disability benefits under a group insurance policy issued to Plaintiff's former employer. Doc. 19, PageID 74. Here, as in other ERISA cases, the parties are expected to file cross-motions for judgment on the Administrative Record. The Administrative Record contains the materials that Defendants relied on when it made the benefit determination at issue in this case. The parties now jointly ask that Defendants be permitted to file the Administrative Record under seal.

1

## II. STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

## III. ANALYSIS

The parties seek to file the entirety of the Administrative Record under seal because it contains voluminous medical records and documents containing personal identifiers and sensitive medical and financial information, publication of which would subject Plaintiff to

2

potential harm, embarrassment, or humiliation. Doc. 19, PageID 75–76. Because the Administrative Record is both voluminous and replete with sensitive information, the parties assert that redaction would present a high risk of inadvertent disclosure of confidential information, would be extremely time consuming and burdensome, and would leave little of value to the public's interest. *Id.*

Looking to the strong federal policy protecting the non-disclosure of private health information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the strict state statute governing Ohio's physician-patient privilege, Ohio Revised Code § 2317.02(B), it is clear that the importance of protecting Plaintiff's private health information outweighs the public's interest in accessing records and documents related thereto. *Person v. Lincoln Nat'l Life Ins. Co.*, No. 1:22-CV-98, 2023 WL 7412856, at *2 (S.D. Ohio Oct. 31, 2023) (Hopkins, J.); *Swartz v. E. I. Du Pont de Nemours & Co. (In re E. I. Du Pont de Nemours & Co.)*, No. 2:13-MD-2433, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019); see also *Columbia Gas Transmission, LLC v. 171.54 Acres of Land*, No. 2:17-cv-70, 2021 WL 4260422 (S.D. Ohio Sept. 20, 2021).

Although the parties seek to file the entire Administrative Record under seal, the circumstances demonstrate that the request is in fact no broader than necessary. *See Person*, 2023 WL 7412856 at *2 (finding sealing of the entire Administrative Record no broader than necessary when the Administrative Record is replete with sensitive information); *Price v. Hartford Life & Accident Ins., Co.*, No. 1:21-cv-656, 2022 WL 656613, at *1 (S.D. Ohio March 4, 2022) (same); *Jalali v. Unum Life Ins. Co. of Am.*, No. 2:20-CV-5071, 2021 WL 5240229, at *2 (S.D. Ohio Mar. 2, 2021) (same). Additionally, the Court agrees that,

"[t]o the extent the public has any interest in this litigation, the pleadings and briefs will be fully available to the public to assess the merits of any decision by the Court." Doc. 19, PageID 76.

Accordingly, Defendants shall be permitted to file the Administrative Record under seal. However, if upon review of the Administrative Record the Court determines that redaction is feasible, the Court will lift or modify this Order.

IV. **CONCLUSION**

For the reasons set forth herein, the Joint Motion to Seal (Doc. 19) is hereby **GRANTED**.

**IT IS SO ORDERED.**

July 17, 2024

Jeffery P. Hopkins
United States District Judge